**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RESIDENCES AT EUROPEAN VILLAGE
CONDOMINIUM ASSOCIATION, INC.,

        Plaintiff,

v.                                    Case No. 3:19-cv-1490-J-20JRK

ROCKHILL INSURANCE COMPANY,

        Defendant.

_____

## O R D E R

### I. Status

    This cause is before the Court on Plaintiff's Motion and Memorandum of Law to Disqualify Defendant's Counsel, Levy Law Group (Doc. No. 7; "Motion"), filed January 18, 2020. Defendant filed a response opposing the Motion on January 31, 2020. See Defendant's Response in Opposition to Plaintiff's Motion and Memorandum of Law to Disqualify Defendant's Counsel, Levy Law Group (Doc. No. 11; "Response"). On February 18, 2020, with leave of Court, Plaintiff filed a Reply to Rockhill's Response to Plaintiff's Motion to Disqualify (Doc. No. 19; "Reply"). See Order (Doc. No. 16), entered February 12, 2020. On February 21, 2020, with leave of Court, Defendant filed a Sur-Reply to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Disqualify (Doc. No. 22; "Sur-Reply"). See Order (Doc. No. 21), entered February 20, 2020.

    The Motion is now ripe for consideration. Upon review, the undersigned finds that the Motion is due to be denied.

## II. Parties' Arguments

Plaintiff, represented by the Merlin Law Group, seeks the disqualification of the Levy Law Group under Rule 4-1.10, Rules Regulating the Florida Bar ("Rule(s)"). Plaintiff states that it "just discovered" that Eric Dickey, "an attorney who formerly represented Plaintiff" while employed at the Merlin Law Group, now works at the Levy Law Group. Motion at 1. In support of the Motion, Plaintiff filed an affidavit from its counsel, Kelly L. Kubiak (Doc. No. 8-1; "Kubiak Affidavit").[1]  In her Affidavit, Ms. Kubiak represents the following:

- "I have been the attorney of record in this case since October 10, 2018." Kubiak Affidavit at 1 ¶ 2.

- "While I represented Plaintiff, I had several attorneys work on this case. One of the attorneys that worked on this case was [Mr. Dickey]." Id. ¶ 3.

- "Mr. Dickey had discussions with myself and a consultant regarding litigating this case. He is aware of material facts about this claim and how Plaintiff intends to litigate this claim." Id. ¶ 4

- "Plaintiff does not waive the conflict [of interest] in this matter." Id. ¶ 5.

Plaintiff asserts that because the Kubiak Affidavit "shows that an attorney[-]client relationship existed" between Plaintiff and Mr. Dickey, there is an "irrefutable presumption" that Plaintiff disclosed confidential information to Mr. Dickey. Motion at 4.

Responding, Defendant argues that "Plaintiff has failed to meet its burden to establish a prima facie case for disqualification by showing that Mr. Dickey acquired confidential information in the course of his prior representation under Rule 4-1.10(b)." Response at 8. Defendant contends that "[e]ven taken at face value, the bare, conclusory assertions contained in [the Motion and the Kubiak Affidavit] do not satisfy this burden."

---

[1]     The Kubiak Affidavit was filed separately in support of the Motion. See Plaintiff's Notice of Filing Affidavit of Kelly L. Kubiak, Esquire (Doc. No. 8).

Id. Defendant further argues that "assuming <u>arguendo</u> that Plaintiff somehow met its burden, in an abundance of caution, Mr. Dickey has given a sworn Declaration affirmatively stating that he did not acquire any confidential information about the case." <u>Id.</u>

In his Declaration (Doc. No. 10; "Dickey Declaration"),[2] Mr. Dickey states as follows:

- "I worked at the Merlin Law Group from December 2017 to mid-2019. I was an associate to [Ms.] Kubiak, an attorney at the Merlin Law Group. [Ms.] Kubiak had a case known as 'European Village' which I understand to be the above-styled case." Dickey Declaration at 1 ¶ 2.

- "I do not have any confidential information about this matter that would assist my current employer, the Levy Law Group." <u>Id.</u> ¶ 3.

- "I do not have any information relating to the representation of the Plaintiff that could be used to their disadvantage during litigation of the above-styled case." <u>Id.</u> ¶ 4.

- "I am unaware of the legal strategies being employed in the above-styled case by any party." <u>Id.</u> at 2 ¶ 5.

- "I do not recall any of the substance of the above-styled matter." <u>Id.</u> ¶ 6.

- "I do not know the status of the above-styled matter." <u>Id.</u> ¶ 7.

- "I am a remote employee of the Levy Law Group working out of my house in Brandon, Florida and thus I have no physical access to whatever physical file materials exist with respect to this matter." <u>Id.</u> ¶ 8.

- "I have no electronic access to the computer case file for this matter." <u>Id.</u> ¶ 9.

In the Reply, Plaintiff asserts that the Dickey Declaration "does not refute that [Mr. Dickey] served as [Plaintiff's] counsel." Reply at 1. Plaintiff again argues that because Mr. Dickey had an attorney-client relationship with Plaintiff, there is an irrefutable presumption

---

[2]     The Dickey Declaration was filed separately in support of the Response. <u>See</u> Defendant's Notice of Filing Declaration of Eric Dickey in Support of Defendant's Response in Opposition to Plaintiff's Motion and Memorandum of Law to Disqualify Defendant's Counsel, Levy Law Group (Doc. No. 10).

that Mr. Dickey acquired confidential information. Id. at 1-2. Plaintiff contends that "even if the irrefutable presumption does not apply, [Mr.] Dickey nonetheless acquired confidential information" because he "worked and spoke about the case during his time at Merlin Law Group." Id. at 2. According to Plaintiff, the Dickey Declaration "tacitly admits this by failing to rebut the allegation." Id. Plaintiff asserts that "although [Mr.] Dickey cannot recall any of the substance of the matter and does not know the status of the case, he does not indicate that he never received confidential information about the case during his employment at Merlin Law Group." Id. Plaintiff argues that Mr. Dickey's "failure to remember does not rebut [Plaintiff's] set-out assertions." Id. at 3.

In its Sur-Reply, Defendant contends that "Mr. Dickey could not have directly or specifically refuted the allegations contained in the Motion . . . and [the Kubiak] Affidavit only because those documents were never shared with him in the interest of segregating him from the case at bar." Sur-Reply at 2 (emphasis omitted). Defendant asserts that the cases Plaintiff cites for the proposition that the irrefutable presumption applies in this case are distinguishable because they involved the disqualification of an individual lawyer under Rule 4-1.9, not a law firm under Rule 4-1.10. See id. at 2-3.

### III. Discussion

The professional conduct of members of the bar of the United States District Court for the Middle District of Florida is governed by the Model Rules of Professional Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida in its Rules. Rule 2.04(d), United States District Court, Middle District of Florida ("Local Rule(s)"). "Although highly persuasive, the decisions of the Supreme Court of Florida are not binding upon the United States District Court for the Middle District of Florida in

interpreting the Rules . . . because 'this court must retain the right to interpret and apply the [R]ules in a federal setting.'" <u>Bochese v. Town of Ponce Inlet</u>, 267 F. Supp. 2d 1240, 1243 (M.D. Fla. 2003) (quoting <u>In re Disciplinary Proceedings Regarding Doe</u>, 876 F. Supp. 265, 269 (M.D. Fla. 1993)).

Rule 4-1.9(a) prohibits a lawyer who has "formerly represented a client in a matter" from "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."

A lawyer's conflicts of interest under Rule 4-1.9 are imputed to the law firm in which the lawyer works, as set forth in Rule 4-1.10:

> When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.

R. Regulating Fla. Bar 4-1.10(b).

"The scope of information protected by Rule 4-1.10(b) is broad." <u>Koulisis v. Rivers</u>, 730 So. 2d 289, 292 (Fla. 4th DCA 1999). Rule 4-1.6(a) states that "[a] lawyer must not reveal <u>information relating to representation of a client</u>," subject to certain exceptions. R. Regulating Fla. Bar 4-1.6(a) (emphasis added). Rule 4-1.9(b) provides that a lawyer who formerly represented a client shall not thereafter "use <u>information relating to the representation</u> to the disadvantage of the former client," subject to limited exceptions. R. Regulating Fla. Bar 4-1.9(b) (emphasis added). Rule 4-1.9(c) states that a lawyer who formerly represented a client shall not thereafter "reveal <u>information relating to the</u>

representation," except in certain instances. R. Regulating Fla. Bar 4-1.9(c) (emphasis added).

"[D]isqualification of a party's chosen counsel is a drastic remedy that should be resorted to sparingly." <u>Vidovic v. City of Tampa</u>, No. 8:16-cv-714-T-17TBM, 2017 WL 10294802, at *2 (M.D. Fla. Oct. 30, 2017) (unpublished) (citing <u>Norton v. Tallahassee Mem'l Hosp.</u>, 689 F.2d 938, 941 n.4 (11th Cir. 1982)). A party seeking the disqualification of a law firm under Rule 4-1.10 must first establish a prima facie case by showing that "the newly associated attorney acquired confidential information in the course of the attorney's prior representation." <u>Scott v. Higginbotham</u>, 834 So. 2d 221, 223 (Fla. 2d DCA 2002) (citation omitted); <u>see also</u> <u>RJSG Props., LLC v. Marbella Condo. Developers, LLC</u>, No. 3:08CV302/MCR/EMT, 2009 WL 3581637, at *5 (N.D. Fla. Oct. 28, 2009) (unpublished); <u>Gaton v. Health Coalition, Inc.</u>, 745 So. 2d 510, 511 (Fla. 3d DCA 1999); <u>Koulisis</u>, 730 So. 2d at 292. In cases governed by Rule 4-1.9, a former attorney-client relationship gives rise to an irrefutable presumption that confidential information was disclosed. <u>Gaton</u>, 745 So. 2d at 511 (collecting cases). "[F]or vicarious disqualification under [R]ule 4-1.10(b), however, [a party] may not rely on this presumption." <u>Id.</u>; <u>see also</u> <u>RJSG Props., LLC</u>, 2009 WL 3581637, at *6. After the moving party meets its burden of establishing a prima facie case, "the burden shifts to the firm whose disqualification is sought to show that the newly associated attorney has no knowledge of any material confidential information." <u>Scott</u>, 834 So. 2d at 223 (citation omitted); <u>see also</u> <u>RJSG Props., LLC</u>, 2009 WL 3581637, at *5; <u>Gaton</u>, 745 So. 2d at 511; <u>Koulisis</u>, 730 So. 2d at 292.

Here, it is undisputed that Mr. Dickey formerly represented Plaintiff, that Plaintiff has interests that are materially adverse to Defendant, and that Plaintiff does not consent to

the Levy Law Group's representation of Defendant. <u>See</u> R. Regulating Fla. Bar 4-1.10(b). The Motion thus turns on whether Mr. Dickey acquired knowledge of material information relating to the representation of Plaintiff. <u>See</u> <u>id.</u>

As an initial matter, Plaintiff may not rely on the "irrefutable presumption" because the Motion seeks disqualification based on Rule 4-1.10, as opposed to Rule 4-1.9. <u>See</u> <u>Gaton</u>, 745 So. 2d at 511. Accordingly, Plaintiff must first show that Mr. Dickey acquired confidential information relating to the representation of Plaintiff, and if Plaintiff meets this initial burden, the burden shifts to Defendant. For the reasons set out below, although Plaintiff met its initial burden, Defendant effectively showed that Mr. Dickey has no knowledge of any material confidential information.

The Kubiak Affidavit establishes that Mr. Dickey, who is now employed by the Levy Law Group, worked on this case during his time at the Merlin Law Group and had discussions regarding the case with Plaintiff's counsel. As such, Plaintiff has made a prima facie case for disqualification under Rule 4-1.10. The assertions in the Dickey Declaration, however, sufficiently deny that Mr. Dickey acquired confidential information while he worked at the Merlin Law Group. As noted, the Dickey Declaration states that he "do[es] not have any confidential information about this matter that would assist [his] current employer, the Levy Law Group." Dickey Declaration at 1 ¶ 3. It also represents that Mr. Dickey "do[es] not have any information relating to the representation of . . . Plaintiff that could be used to their disadvantage during litigation of [this] case." <u>Id.</u> ¶ 4. Finally, Mr. Dickey states that he is "unaware of the legal strategies being employed in [this] case by any party." <u>Id.</u> ¶ 5.

In <u>Scott</u>, the Florida Second District Court of Appeal found that language similar to that used in the Dickey Declaration effectively rebutted allegations that the lawyer acquired information relating to the moving party. <u>See</u> 834 So. 2d at 222, 224.[3] The Court finds <u>Scott</u> instructive and concludes Defendant effectively showed that Mr. Dickey did not acquire any material confidential knowledge relating to the representation of Plaintiff.[4]

### IV. Conclusion

For the foregoing reasons, it is

**ORDERED**:

Plaintiff's Motion and Memorandum of Law to Disqualify Defendant's Counsel, Levy Law Group (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on May 4, 2020.

*James R. Klindt*

**JAMES R. KLINDT**
United States Magistrate Judge

---

[3]     Specifically, the lawyer in <u>Scott</u> represented in relevant part the following:

[1] I do not have any information relating to the representation of [the plaintiff] that could be used to their disadvantage during litigation of the above-styled case or that has not become generally known as a matter of public record.

[2] I do not have any confidential information that would assist my current employer, in acting as co-counsel for [the defendant] for the limited purpose of litigating the post-trial motions and/or an appeal, if filed.

[3] I did not develop and/or control any legal strategy in the above-styled case, nor review the strategy of others.

834 So. 2d at 222.

[4]     Although the law firm whose disqualification was sought in <u>Scott</u> was just litigating post-trial motions and any possible appeal, this fact did not affect either the district court's or the circuit court's conclusion that the lawyer did not acquire any information about the moving party. <u>See generally</u> <u>Scott</u>, 834 So. 2d at 223-24; <u>Higginbotham v. Scott</u>, No. G-002149, 2002 WL 34230493 (Fla. 10th Cir. Ct. Feb. 12, 2002). This distinction is immaterial and does not change the undersigned's findings and ultimate conclusion.

bhc
Copies to:
Counsel of Record